**CLINTON HOUSE MOTEL, INC.,**
**Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK OF CLINTON, Iowa, Defendant-Appellee.**

No. 2–65354.

Court of Appeals of Iowa.

Dec. 30, 1981.

Russell S. Wunschel and Gary L. McMinimee of Wunschel Law Firm, Carroll, for plaintiff-appellant.

William J. Koehn and Richard E. Ramsay of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for defendant-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Plaintiff (Clinton House Motel, Inc.) appeals from the trial court's judgment sustaining defendant's (First National Bank, Clinton, Iowa) motion for summary judgment in plaintiff's action to quiet title in certain property as against defendant. Plaintiff asserts the trial court erred in finding that: (1) under the doctrine of equitable conversion plaintiff's grantor had an interest in the property that could be mortgaged to defendant; (2) the defendant, which had given a warranty deed to plaintiff's grantor including the provision that the property was free of all mortgages except one to a third party, could claim a mortgage against plaintiff as a subsequent purchaser; and (3) plaintiff came to court with unclean hands. We affirm.

Our review of this equitable action is de novo. Iowa R.App.P. 4.

## I.

Prior to May 15, 1975, defendant held title to the property in question subject to a mortgage of First Federal Savings and Loan Association of Davenport, Iowa. On April 30, 1975, defendant accepted an offer from the Clinton Land Company to buy the property. No downpayment was required and possession was to be given on May 15, 1976. The purchase was to be financed by the assumption of the existing mortgage and a thirty year note with mortgage to defendant. On May 7, 1975, Clinton Land Company executed and delivered a promissory note and mortgage on the property to defendant. On May 15, 1975, the mortgage was recorded and defendant executed and delivered a warranty deed to Clinton Land Company which stated the property was free and clear of all encumbrances except the mortgage to the First Federal Savings and Loan Association. The deed did not list defendant's mortgage as one of the remaining mortgages on the property, but at all times while Clinton Land Company owned the property they made payments on the May 7, 1975, note and mortgage which was held by defendants.

On May 18, 1978, Clinton Land and Russell Wunschel, president of the plaintiff, entered into an agreement in which the parties agreed that Clinton Land would sell Wunschel the property. The agreement provided that Wunschel would make payments on first and second mortgages on the property.[1] Subsequently, Clinton Land refused to perform the agreement and Wunschel commenced an action for specific performance. In a decree dated November 29, 1978, the trial court ordered specific performance of the agreement. During subsequent negotiations on the matter, Wunschel received an abstract of title to the property and, after a review, concluded that the mortgage to the defendant was invalid. During the settlement negotiations, Wunschel did not communicate his position on the mortgage to Clinton Land or the defendant. However, Wunschel considered in the negotiations the potential for having the mortgage declared invalid or discharged. As a result of these negotiations, the parties entered into an agreement providing that Wunschel's company, the plaintiff, would purchase the property from Clinton Land. One of the agreement's terms was that the plaintiff would take the property subject to encumbrances of record. On January 15, 1979, Clinton Land delivered a warranty deed to plaintiff and the deed included the provision that it was subject to encumbrances of record.

On February 14, 1979, the plaintiff filed a petition in equity seeking to quiet title in certain real estate. The plaintiff alleged that the defendant claimed without right a mortgage on the property and requested that the defendant be barred from claiming any right, title, or interest in the property by reason of the mortgage. On March 26, 1979, the defendant filed an answer denying plaintiff's allegation that it was claiming without any right a mortgage on the property, and asserting as affirmative defense that by plaintiff's conduct, its knowledge of the mortgage, and the intent of the parties, the plaintiff was estopped from de-nying the mortgage and that equity should not provide the plaintiff a remedy because it had unclean hands. On January 15, 1980, the defendant filed a motion for summary judgment, asserting that the parties to the mortgage intended the mortgage to continue after the defendant transferred title to the mortgagor, that the plaintiff had knowledge of defendant's interest in the property, and thus, that judgment for the defendant should be granted as a matter of law. On February 7, 1980, the plaintiff filed motion for summary judgment, asserting that it should be granted a summary judgment quieting title as it requested since defendant's mortgage was either invalid or discharged. On June 16, 1980, the trial court entered an order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment.

The court found that Clinton Land Company had a mortgagable interest in the real estate on the date it gave the defendant a mortgage on the basis of the doctrine of equitable conversion. The court also found that Clinton Land Company "treated the mortgage as valid and the plaintiff knew it, and during negotiations to purchase plaintiff treated it as valid." The court concluded that "the deeds did not release the second mortgage, and that such was not the intent of the mortgagor or mortgagee, and plaintiff knew it."

## II.

■ Plaintiff argues that the trial court erred in holding that Clinton Land Company, which had not paid any part of the purchase price for the property and which had neither title nor possession, had an interest in the property that could be mortgaged to the defendant. Plaintiff relies primarily upon a portion of 59 C.J.S. Mortgages § 75(e) at 115 which states: "However, the purchaser under an executory contract of sale who has not paid any part of the purchase price and who is without title

---

1. The so-called second mortgage is the May 7, 1975, mortgage given by Clinton Land Co. to defendant.

or possession has no mortgagable interest in the land." We find plaintiff's reliance on this authority is misplaced and affirm the trial court. As stated in 55 Am.Jur.2d Mortgages § 109 at 263–64:

> The rule prevailing in the case of an attempt to mortgage in praesenti property which at the time has no existence, or in which the mortgagor has no interest, is held not to apply to a mortgage specifically including property to be acquired by the mortgagor. The lien of the mortgage is extended to after-acquired property in such case on the theory that although ineffectual as a conveyance, the mortgage operates as an executory agreement attaching to the property when acquired. Hence the time of the attachment of the mortgage to the property is the time of the acquisition thereof by the mortgagor. (footnote numbers omitted).

We therefore need not determine whether plaintiff's grantor held equitable title to the property at the time it was mortgaged to the defendant.

### III.

Plaintiff next argues that the trial court erred in holding that defendant, which had given a warranty deed to plaintiff's grantor containing covenants and warranties that the property was free of all mortgages, could nonetheless claim such a mortgage against the plaintiff, a subsequent purchaser. We disagree. The transaction between Clinton Land Company and defendant was to some extent handled in a less than artful manner; however, it is clear that the intent of the parties was for Clinton Land to purchase the property by assuming the first mortgage of the First Federal Savings and Loan Association and to finance the balance of the purchase price via the May 7, 1975, note and mortgage it gave to defendant. The warranty deed was never intended as a release of the so-called second mortgage and never treated as such by the Clinton Land Company or the defendant. In all the negotiations for purchase of the property, both before and after plaintiff's specific performance action, plaintiff also treated the second mortgage

as valid. We further note that plaintiff purchased the property subject to encumbrances of record and that the May 7, 1975, mortgage was properly recorded and thus an encumbrance of record. Since we have already found the mortgage was valid as between defendant and Clinton Land Company, and that the parties did not intend to release the mortgage via the warranty deed, the only equitable solution is to affirm the trial court's decision in granting summary judgment to the defendant.

We also believe the facts as outlined above clearly show that the trial court did not err, as plaintiff alleges, by finding plaintiff came to court with unclean hands. The trial court must be affirmed in this equitable action because any other decision would serve to unjustly enrich plaintiff and be manifestly inequitable in our view.

AFFIRMED.